Huston & Mulligan *v.* John R. Blackwell.

**Attorney's Fees—Value of Legal Services.**

In determining the value of legal services rendered by an attorney, the magnitude of the case and the importance of the questions involved, as well as the ability and skill of counsel in conducting it, and the benefits the client has derived by reason of the employment, must all enter into the estimate of the value of such services.

APPEAL FROM MADISON CIRCUIT COURT.

March 16, 1875.

Opinion by Judge Pryor:

The preponderance of testimony is not only with the appellants as to the amount and value of the services rendered by them, but the verdict of the jury is against all the evidence in the case. The low-

est estimate placed on the value of the services rendered is by a witness for the appellee. This witness fixes the value at $500, yet the jury rendered a verdict for only three hundred dollars. The principal object of the litigation was to rescind a contract for the sale of real estate of the value of near twenty thousand dollars, upon which seven thousand dollars had been paid.

Huston, one of the firm of Huston & Mulligan, residing in the city of Lexington, was employed to aid resident counsel in the prosecution of the case. His long experience in the practice of his profession, as well as his acknowledged ability as a lawyer, was the inducement for employing him on a case of vital importance to the appellee. The services were rendered by him in conjunction with associate counsel not only in the court below, but in this court, resulting in the successful prosecution of the action by the appellee in both courts. The witnesses in the case were all lawyers in full practice, and many of them conversant with the history of the litigation in which the services were rendered. Their testimony, standing uncontradicted, was all the light the jury had in leading them to a conclusion as to the value of the services rendered. The mere physical or mechanical labor performed by counsel, the value of which the jury might of their own knowledge determine, is entitled to but little consideration in ascertaining the value of the services in a case like this. The magnitude of the case and the importance of the questions involved, as well as the ability and skill of counsel in conducting it, and the benefits the client has derived by reason of the employment, must all enter into the estimate to be made of the value of the services performed.

The judgment of the court below is *reversed*, and cause remanded with directions to award a new trial, and for further proceedings consistent with the opinion.

*W. B. Smith & Huston & Mulligan, for appellants.*
*Chenault & Bennett, for appellee.*